IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DERRICK WARREN,

    Plaintiff,

v.

Cpl. ROGER GODDARD;
Officer JOHN SHEALY; and
Officer PAT DOHERTY,

    Defendants.

CIVIL ACTION NO.: CV508-026

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated, filed a Complaint pursuant to 42 U.S.C. § 1983. Defendants Roger Goddard, John Shealy, and Pat Doherty ("Defendants") filed a Motion for Summary Judgment.[1] Plaintiff filed a Response. For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was arrested without probable cause and that Defendants used excessive force during his arrest. Specifically, Plaintiff asserts that Defendants broke down the door and entered the All Saints Temple Church in Douglas, Georgia while Plaintiff was inside, sprayed mace in his face, and arrested him. Plaintiff asserts that Defendants had no warrants and no reason to enter the church. Plaintiff states that Defendants told Plaintiff to "get down" when they entered the church, but instead of getting down on the ground, Plaintiff asked the officers what they wanted. Plaintiff claims all three Defendants sprayed him with mace at once all over his body.

---

[1] Plaintiff's claims against Defendant Clifford Thomas were dismissed. (Doc. No. 11).

After being sprayed, Plaintiff states that he ran out of the church, was chased by Defendants, and was tackled and handcuffed by Defendants Doherty and Shealy.

Defendants claim that they had probable cause to enter the church and arrest Plaintiff because they smelled natural gas outside the church, noticed Plaintiff inside, and believed he was trespassing and had been involved in a burglary that occurred earlier. Defendants assert that they did not use pepper spray all at once on Plaintiff, but that Defendant Goddard sprayed it once in Plaintiff's face after he refused to get on the ground, and that Defendant Doherty sprayed it in Plaintiff's face a second time after Plaintiff ran away. (Goddard Depo., p. 16; Shealy Depo., p. 8; Doherty Depo., pp. 13-14). Defendants claim that they had a reasonable basis for using pepper spray on Plaintiff because he refused to obey the Defendants' orders that Plaintiff get down on the floor and had his hands and arms raised in a fighting stance. Defendants contend that tackling Plaintiff to arrest him was necessary because he was resisting arrest. Defendants also assert that they are entitled to qualified immunity as an affirmative defense.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parties are entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrashi Sephardi, Inc. v. Town of Surfside, 366 F. 3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v.

2

Northern Crossarm Co., Inc., 357 F. 3d 1256, 1259-60 (11th Cir. 2004). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F. 3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F. 3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255 (1986). "The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact." Chapman v. A1 Transport, 229 F.3d 1012, 1023 (11th Cir. 2000).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Probable Cause**

Plaintiff asserts that Defendants did not have probable cause to enter the church without a warrant and therefore violated his constitutional rights when they entered it. (Doc. No. 1, p. 5). Plaintiff states that he was inside the church around 2:00 a.m. using the gas stove to make coffee. (Warren Depo., p. 42). Plaintiff states that he did not get permission to enter the church but that he was in possession of a key and did not think he needed permission. (Id. at 33).

Defendants claim that they smelled natural gas coming from the church at 2:00 a.m., saw the burner of the gas stove turned on inside the window, and saw a person lying on the ground inside the church. (Goddard Depo., p. 16). The neighborhood in which the church is located is a high-crime area and there had recently been a number of break-ins near the church. (Id. at 6-7; Warren Depo., p. 29). Defendant Goddard had spoken with the pastor of the church at the time and the pastor told Goddard that he could check on the church property at any time and that Plaintiff was not allowed to be in the church after hours. (Goddard Depo., p. 12). Defendant Goddard had arrested Plaintiff for trespass in the church in 2006. (Goddard Depo., p. 10; Warren Depo., pp. 22-23). Defendant Goddard had also received information that a burglary had occurred in which Plaintiff was a potential suspect. (Goddard Depo., pp. 14-15).

Probable cause to arrest under federal law exists when an arrest is "objectively reasonable based on the totality of the circumstances." Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir.2002). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information,
AO 72A (Rev. 8/82)

4

would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. (internal quotation marks and citations omitted)(emphasis added).

Based on the totality of the circumstances, Defendants had probable cause to enter the church without a warrant. Defendants had reason to believe that the person inside the church was committing an offense: there had been a number of break-ins in the area, the pastor told Defendant Goddard that he did not want Plaintiff inside the church after hours, and Defendants were searching for someone in the area who had recently committed a burglary. Plaintiff fails to assert any facts which would support his claim that Defendants did not have probable cause to enter the church without a warrant.

## II. Excessive Force Claim

Plaintiff asserts that Defendants used excessive force when they pepper sprayed him before his arrest. Plaintiff claims that when the officers entered the church they told him to get down on the ground. Instead of obeying the officers' orders, Plaintiff asked the officers what they wanted and what he had done. (Warren Depo., pp. 49-50). Plaintiff admits that he did not obey the Defendants' orders when they told him to get down on the ground. (Warren Depo., pp. 47-48, 52). Plaintiff also admits that, after being sprayed, he ran out of the church and across the street. (Warren Depo., p. 52). Plaintiff states that after he ran away from the officers, they "slammed [him] to the ground" and put handcuffs around him. (Id. at 52-53).

Defendants testified that if Plaintiff had not refused their orders for Plaintiff to get down on the ground that they would not have pepper sprayed him. (Goddard Depo.,

pp. 21-22; Doherty Depo., pp. 20-21). Defendants admit they had to tackle Plaintiff to get him on the ground in order to handcuff him. (Shealy Depo., p. 10).

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee, 284 F.3d at 1197. "'Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" Id. at 1197 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). "Use of force must be judged on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) (internal quotation marks and citations omitted). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97. Among the factors to be considered in assessing whether the use of force was unreasonable are the severity of the crime the plaintiff was suspected of having committed, whether the plaintiff posed an immediate threat to the police officer or others, whether the plaintiff actively resisted arrest, and whether the plaintiff attempted to evade arrest by fleeing. Id. at 396; see also McCullough v. Antolini, 559 F.3d 1201 (11th Cir. 2009).

Plaintiff alleges no material facts that show Defendants used excessive force when arresting him. Plaintiff admits he did not get down on the ground when Defendants told him to do so. Defendants' use of pepper spray was not unreasonable

AO 72A
(Rev. 8/82)

in the circumstances since Plaintiff refused to obey Defendants' orders. See Danley v. Allen, 540 F.3d 1298, 1308 (11th Cir. 2008). Defendant Doherty's act of tackling Plaintiff was reasonable under the circumstances since Plaintiff was attempting to flee arrest. Given that Plaintiff refused to obey Defendants' commands to get on the ground and that he ran away from Defendants, the facts viewed in light most favorable to Plaintiff do not show that Defendants use of force was excessive.

Defendants assert that Plaintiff's claims should be dismissed because they are entitled to qualified immunity. Because Plaintiff's claims should be dismissed on the aforementioned grounds, this Court need not address whether Defendants are entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE